JAMES W. BRADSHAW, ESQ.
Nevada Bar No. 1638
JACQUELYN S. LELEU, ESQ.
Nevada Bar No. 7675
McDONALD CARANO WILSON LLP
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada  89102
Telephone:  (702) 873-4100
Facsimile:  (702) 873-9966
jbradshaw@mcdonaldcarano.com
jleleu@mcdonaldcarano.com

*Attorneys for Plaintiff American Casualty
Company of Reading, Pennsylvania*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING, PENNSYLVANIA,<br><br>Plaintiff,<br><br>vs.<br><br>CAROLE GRUESKIN, STACY HUTCHISON, GWENDOLYN MARTIN, LOVEY MARTIN, RODOLFO MEANA, LINDA MEANA, LAKOTA QUANAH, NGUYEN HUYNH, THUY HUYNH, KELVIN HUGHES, ROY INSCO, DONNA INSCO, JAMES LONDON, GAIL LONDON, THOMAS PRITCHARD, and MARY R GREAR<br><br>Defendants. | Case No. 2:10-cv-00161<br><br><br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff American Casualty Company of Reading, Pennsylvania ("American Casualty"), for its Complaint against the above-named Defendants, upon knowledge, information, and belief, alleges as follows:

## NATURE OF THE ACTION

1.  American Casualty brings this action pursuant to 28 U.S.C. §§ 2201 and 2202 for a declaratory judgment regarding its rights and obligations under Healthcare Providers Professional Liability Policy No. 0253740525 ("Policy"), issued to Mary R. Grear ("Grear"), for the policy periods of October 15, 2004 to October 15, 2005, October 15, 2005 to October 15,

2006, October 15, 2006 to October 15, 2007, and October 15, 2007 to October 15, 2008. In this action, American Casualty seeks a judgment declaring that various claims made against Grear arising from the alleged exposure of multiple claimants to Hepatitis C during medical procedures involving sedation at a certain medical facility constitute "related claims," as defined in the Policy. As a result, those claims must be considered a single claim, subject to a single $1 million each claim indemnity limit of liability applicable under the Policy for the policy period during which the earliest of Grear's alleged acts or omissions occurred.

2. An actual justiciable controversy exists because a subset of less than all of the claimants has asserted that their claims alone have a value in excess of $1 million and have disputed American Casualty's position that the claims against Grear are "related claims."

**PARTIES**

3. Plaintiff American Casualty is a corporation organized and existing under the laws of Pennsylvania with its principal place of business in Illinois.

4. Carole Grueskin, Stacy Hutchison, Gwendolyn and Lovey Martin, Rodolfo and Linda Meana, Lakota Quanah, Nguyen and Thuy Huynh, Kelvin Hughes, Roy and Donna Insco, James and Gail London, and Thomas Pritchard, (the "Claimants") are joined as Defendants in this action because they have asserted claims against Grear in lawsuits filed in Nevada state court, asserted that the value of their claims against Grear exceed a single indemnity "each claim" limit of liability under the Policy, and disputed American Casualty's determination that the claims against Grear are "related claims." Each of the Claimants is a citizen of Nevada.

5. At all times relevant to this litigation, Grear was a citizen of Nevada and was a pharmacist licensed by the State of Nevada. Grear is an insured under the Policy.

**JURISDICTION AND VENUE**

6. Jurisdiction for this action is based on 28 U.S.C. §§ 2201, 2202, and 1332. An actual controversy exists between American Casualty and Defendants. The Claimants have asserted that Grear's combined liability to them is well in excess of the Policy's $1 million each claim limit of liability. There is complete diversity of citizenship between American Casualty,

on one hand, and Defendants, on the other hand, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. Venue is proper pursuant to 28 U.S.C. § 1391 in that all or a substantial part of the events giving rise to the claims at issue in this Complaint occurred in this District.

## FACTUAL ALLEGATIONS

### The Policy

8. The Policy has an indemnity limit of liability of $1 million for each claim and $6 million in the aggregate for each of the policy periods of October 15, 2004 to October 15, 2005 and October 15, 2005 to October 15, 2006. The Policy has an indemnity limit of liability of $1 million for each claim and $3 million in the aggregate for each of the policy periods of October 15, 2006 to October 15, 2007 and October 15, 2007 to October 15, 2008. Claim expenses are in addition to the indemnity limit of liability. True and correct copies of the Policy (except for the application) and associated Certificates of Insurance are attached hereto as **Exhibit A**.

9. The Policy's Professional Liability Coverage Part provides, in relevant part:

> We will pay all amounts, up to the Professional Liability limit of liability stated on the certificate of insurance, that you become legally obligated to pay as a result of a **professional liability claim** arising out of a **medical incident** by you or by someone for whose **professional services** you are legally responsible.

Policy, Professional Liability Coverage Part, § I.A.

10. The Policy defines "professional liability claim" as "a **claim** arising out of a **medical incident**." Policy, Professional Liability Coverage Part, § IV.

11. The Policy defines "claim" as "a demand for money or services alleging injury or damage. **Claim** also means the filing of a suit or the starting of arbitration proceedings naming you and alleging injury or damage." Policy, Common Policy Conditions, § XVII.

12. The Policy defines "medical incident" as "any act, error or omission in your providing **professional services** which results in injury or damage." Policy, Professional Liability Coverage Part, § IV.

/ / /

/ / /

13. The Policy defines "professional services" as:

   those services for which you are licensed, certified, accredited, trained or qualified to perform within the scope of practice recognized by the regulatory agency responsible for maintaining the standards of the profession(s) shown on the certificate of insurance . . . .

Policy, Common Policy Conditions, § XVII.

14. The Policy defines "related claim" as:

   all claims arising out of a single act, error or omission or arising out of **related acts, errors or omissions** in the rendering of **professional services** or placement services.

Policy, Professional Liability Coverage Part, § IV.

15. The Policy defines "related acts, errors, or omissions" as:

   all acts, errors or omissions in the rendering of **professional services** or placement services that are logically or causally connected by any common fact, circumstance, situation, transaction, event, advice or decision.

Policy, Professional Liability Coverage Part, § IV.

16. The Policy provides as follows with respect to limit of liability:

   (A) Each **Claim**

   The limits of liability stated on the certificate of insurance as applicable to "each **claim**" means that our liability for such **claim** shall not exceed such stated amount.

   (B) Aggregate

   Subject to provision A. above, limits of liability stated on the certificate of insurance as applicable to "all **claims** in the aggregate" means that our liability shall not exceed such stated amount.

   . . . .

   (E) **Related Claims**

   If **related claims** are made against you, all such **related claims** shall be considered a single **claim**, and the limits of liability applicable to such **claim** shall be the limits of liability applicable to the policy period in force when the act, error or omission, or earliest of **related acts, errors or omissions**, occurred.

Policy, Professional Liability Coverage Part, §§ VI.A, VI.B, VI.E.

**The Underlying Actions**

17. Each of the Claimants has filed a complaint against Grear (and numerous other defendants) in the District Court for Clark County, Nevada. These cases (the "Underlying Actions") are coordinated in that court under the caption *In the Matter of Endoscopy Center And Associated Businesses and Coordinated Cases*, Case No. A558091. A list of each of the Underlying Actions is attached hereto as **Exhibit B**.

18. The Claimants make substantially similar factual allegations and claims for relief. True and correct copies of each of the Complaints are attached as follows: **Exhibit C** is a true and correct copy of the complaint (without exhibits) brought by Defendants Gwendolyn and Lovey Martin; **Exhibit D** is a true and correct copy of the complaint (without exhibits) brought by Defendant Carole Grueskin; **Exhibit E** is a true and correct copy of the complaint (without exhibits) brought by Defendant Stacy Hutchison; **Exhibit F** is a true and correct copy of the complaint (without exhibits) brought by Defendants Rodolfo and Linda Meana; **Exhibit G** is a true and correct copy of the complaint (without exhibits) brought by Defendant Lakota Quanah; **Exhibit H** is a true and correct copy of the complaint (without exhibits) brought by Defendant Kelvin Hughes; **Exhibit I** is a true and correct copy of the complaint (without exhibits) brought by Defendants Nguyen and Thuy Huynh; **Exhibit J** is a true and correct copy of the complaint (without exhibits) brought by Defendants Roy and Donna Insco; **Exhibit K** is a true and correct copy of the complaint (without exhibits) brought by Defendants James and Gail London;**.** **Exhibit L** is a true and correct copy of the complaint (without exhibits) brought by Defendant Thomas Pritchard.

19. The Underlying Actions allege that the defendants in those actions were involved in various distinct ways in the allegedly improper administration of anesthetic, thereby exposing patients to infectious diseases, and that many patients contracted Hepatitis C as a result.

20. As to Grear's role in the allegedly improper administration of anesthetic, the Claimants allege that she "established policies and procedures for and supervised the ordering, supply, dispensing and/or administration of anesthesia" at the clinic at which the patients were treated. **Ex. C**, ¶¶ 17, 46.

21. Based on Grear's allegedly wrongful conduct described in Paragraph 20 above, the Claimants have asserted claims against Grear, and have demanded general damages, special damages, and punitive damages. Grear has denied that she acted wrongfully and has denied liability to the Claimants.

## COUNT I

**American Casualty is Entitled to a Declaratory Judgment
that the Underlying Actions are a Single Claim Under the Policy and
Subject to the $1 Million Per Claim Indemnity Limit of Liability**

22. American Casualty repeats and incorporates by reference the allegations in paragraphs 1 through 21 of this Complaint.

23. All of the allegations in the Underlying Actions against Grear arise out of the same allegedly wrongful pharmaceutical professional services rendered by Grear in overseeing the ordering, supply, dispensing, and/or administration of anesthesia.

24. All of Grear's alleged acts and omissions with respect to the anesthesia constitute a single act or omission or are logically and/or causally connected by a common fact, circumstance, situation, transaction, event, advice, and/or decision.

25. Because the claims made against Grear in the Underlying Actions are "related claims," they are properly treated as a single "claim" under the Policy, and American Casualty's maximum liability with respect to all of the Underlying Actions under the Policy is the $1 million each claim indemnity limit of liability applicable under the 2004-2005 policy period, which is the policy period in force when the earliest of the related acts, errors and omissions occurred.

26. By virtue of the foregoing, American Casualty is entitled to a judgment that the Underlying Actions constitute a single claim under the Policy that is subject to the Policy's $1 million each claim indemnity limit of liability.

27. American Casualty has reserved its rights generally and on various specific grounds other than the amount of the applicable indemnity limit of liability, which is the only issue addressed in this Complaint. American Casualty continues to reserve all of its rights under the Policy and applicable law.

1  **WHEREFORE**, Plaintiff American Casualty Company of Reading, Pennsylvania
2  requests that the Court enter judgment in its favor as follows:

3  A.  A judicial determination that American Casualty is entitled to a judgment that the Underlying Actions constitute a single claim under the Policy that is subject to the Policy's $1 million each claim indemnity limit of liability applicable under the 2004-2005 policy period; and

6  B.  Awarding American Casualty such additional declaratory and other relief as shall be found to be appropriate under the circumstances.

RESPECTFULLY SUBMITTED this 5th day of February, 2010.

MCDONALD CARANO WILSON LLP


By: /s/ Jacquelyn S. Leleu
JAMES W. BRADSHAW, ESQ.
Nevada Bar No. 1638
JACQUELYN S. LELEU, ESQ.
Nevada Bar No. 7675
2300 West Sahara Avenue, Suite 1000
Las Vegas, Nevada 89102

*Attorneys for Plaintiff American Casualty Company of Reading, Pennsylvania*

187034.1